UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARON ERIC MULDROW,

Plaintiff,

-against-

KEVIN B. FAGA, JUDGE BROWNE,

Defendants.

**MEMORANDUM**
**OPINION AND ORDER**

26-CV-06851 (PMH)

PHILIP M. HALPERN, United States District Judge:

On August 11, 2026, Taron Eric Muldrow ("Plaintiff") commenced the instant action against Kevin B. Faga ("Faga") and Judge Browne (together, "Defendants"). (Doc. 1). On August 28, 2026, Judge Browne appeared in this action through counsel (Doc. 5) and requested an extension of time to respond to the Complaint (Doc. 6). That request was granted. (Doc. 7). On September 2, 2026, Faga appeared in this action (Doc. 8), and on September 4, 2026, he filed a pre-motion letter addressing, *inter alia*, pleading deficiencies he identified in the Complaint, including a lack of subject-matter jurisdiction. (Doc. 10).

Faga points out that Plaintiff has not indicated on the face of the Complaint the basis for this Court's exercise of subject-matter jurisdiction. (Doc. 10 at 1). Indeed, Plaintiff did not check either box provided on the form complaint to state the basis for federal-court jurisdiction in this case. (Doc. 1 at 2).

The Court must dismiss a complaint when it lacks subject matter-jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). The subject-matter jurisdiction of the federal district courts is set forth generally in 28 U.S.C. §§ 1331 and 1332. Subject-matter jurisdiction is available only when a "federal question" is presented or when the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

"A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *see also Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (observing "that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships"); *Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 436 (S.D.N.Y. 2010) ("Where any plaintiff is a citizen of the same state as any defendant, diversity jurisdiction is defeated."). "Complete diversity must be apparent from the pleadings." *Alston v. Stone*, No. 02-CV-05338, 2005 WL 668395, at *3 (S.D.N.Y. Mar. 21, 2005).

Plaintiff's Complaint is difficult to read and understand. It is clear, however, that Plaintiff is domiciled in New York, New York. (Doc. 1 at 2, 8, 9, 10). Plaintiff states in the Complaint that Faga "is incorporated under the laws of the State of White Plains New York." (*Id.* at 3). Plaintiff does not indicate in what State Judge Browne resides. (*See generally id.*).[1] Because Plaintiff and at least one Defendant reside in the same State, "diversity is not complete" and the Court lacks diversity jurisdiction over Plaintiff's claims. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990).

Short of diversity jurisdiction, Plaintiff must establish that federal question jurisdiction exists. Otherwise, the exercise of subject-matter jurisdiction here is inappropriate. "Congress has broadly authorized the federal courts to exercise subject matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Arbaugh*, 546 U.S. at 505

[1] The Court assumes that Plaintiff simply made a mistake in filling out residence information for Faga as a corporation, as Faga is an individual and not a corporation. Plaintiff otherwise provides no domicile information for Defendants. That is a pleading deficiency creating an independent basis for concluding that diversity jurisdiction is lacking. *See McKie v. Est. of Dickinson*, No. 20-CV-1050, 2020 WL 2797243, at *2 (E.D.N.Y. May 29, 2020) (dismissing complaint for lack of subject-matter jurisdiction where "[p]laintiff fail[ed] to allege the domicile of any party").

(quoting 28 U.S.C. § 1331). "'A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Greenwich Fin. Servs. Distressed Mortg. v. Countrywide Fin. Corp.*, 654 F. Supp. 2d 192, 198-99 (S.D.N.Y. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006)).

"Examination of [Plaintiff's] complaint, however, reveals no claim that may be colorably construed as one arising under federal law or embodying a substantial federal question." *Neat-N-Tidy Co. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1155 (S.D.N.Y. 1991) (internal quotation marks omitted). Although the Complaint briefly references exposure to "harmful air" at the "Mount Vernon holding cells," and arguably police misconduct, which might give rise to federal claims, there are no facts alleged that would support a federal claim for relief against Faga or Judge Browne in relation to exposure to contaminates or police misconduct. *See Elmaliach v. Bank of China Ltd.*, No. 09-CV-2130, 2010 WL 1172829, at *8 (S.D.N.Y. Mar. 26, 2010) ("The mere reference to federal statutes . . . is an insufficient basis for the exercise of federal question jurisdiction."). Therefore, "the Court finds that Plaintiff has failed to carry [his] burden to show that this Court has jurisdiction to adjudicate [his] claims." *Knight-Harris v. Wells Fargo Bank, N.A.*, No. 16-CV-2605, 2017 WL 238439, at *5 (S.D.N.Y. Jan. 18, 2017).

Because the Court has "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and has concluded that Plaintiff has failed to establish that the exercise of subject-matter jurisdiction is proper in this case, Plaintiff's claims against Defendants are dismissed without prejudice.

Plaintiff may, to the extent he has viable federal question claims for relief, file an Amended Complaint within 30 days from the date of this Order to allege facts showing that the Court has subject-matter jurisdiction to consider his claims. Simply re-filing the extant, and now dismissed, pleading will result in a dismissal of the action for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and failure to file an Amended Complaint within 30 days will result in dismissal of this action with prejudice. Plaintiff is reminded that if he chooses to file an Amended Complaint, the Amended Complaint will completely replace, not supplement, the original Complaint. Therefore, any facts or claims that Plaintiff wishes to maintain must be included in the Amended Complaint.

The Clerk of the Court is respectfully requested to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED:

Dated: White Plains, New York
September 9, 2026

_______________________
Philip M. Halpern
United States District Judge